UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAY'LA PORTER-BRAWNER, et al,

        Plaintiffs,

        v.                              Case No. 23-cv-1666-bhl

CITY OF BELOIT, et al

        Defendants.

## SCREENING ORDER

On December 12, 2023, Shay'la Porter-Brawner,[1] proceeding *pro se*, filed a complaint against the City of Beloit (Rock County), Waukesha County, the Beloit Police Department, "City Employee Kelly," "Officer Muniz," and "Officer Awer."[2] (ECF No. 1.) That same day, she also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2). The Court will consider each of these issues in turn.

### THE MOVANT'S INDIGENCY

Porter-Brawner indicates that she is not employed but receives $1600 monthly in disability and child support. (ECF No. 2 at 1–2.) She is unmarried and provides "full" financial support for her minor child, as well as "80%" support for her minor grandchild. (*Id.* at 1.) Porter-Brawner also lists her adult daughter as a dependent and claims to provide her with "50%" support. (*Id.*)

---

[1] The complaint also lists KeVona Porter and Annalisia Collins as plaintiffs, but only Porter-Brawner signed the complaint and her accompanying motion for leave to proceed without prepayment of the filing fee lists only Porter-Brawner as plaintiff. The Court infers from the complaint and accompanying motion that Annalisia Collins is Porter-Brawner's minor daughter and KeVona Porter is either her adult daughter or minor grandchild. (*See* ECF No. 1 at 10–11; ECF No. 2 at 1.) The complaint makes several references to Porter-Brawner's children, but it is unclear how they relate to the majority of her allegations or if she intended them to be plaintiffs in this case. The complaint appears to be written by Porter-Brawner and largely pertains to her own experiences. For simplicity's sake, the Court will refer to Porter-Brawner as the plaintiff in this case.

[2] Officer Awer is later referenced in the complaint as "Officer Ewer." (*See* ECF No. 1 at 9.)

Porter-Brawner says she pays $800 per month in taxes, $300 for utilities, and $160 monthly for Medicare. (*Id.* at 2.) She also lists "child," "grandchild," "food," and "insurance" as monthly expenses, but without dollar figures. (*Id.* at 3.) Porter-Brawner indicates her total monthly expenses are $1,300. (*Id.*) She claims she has no assets of any kind and that her home "was taken illegally by City of Beloit while out of town." (*Id.* at 3-4.) Porter-Brawner also says she is trying to pay for her father's funeral and has no money for the filing fee. (*Id.* at 4.)

On these facts, it is difficult for the Court to determine if Porter-Brawner is indigent. The information she provides suggests she has a net positive income of $300 per month, but she doesn't list any expense for basic necessities like food and toiletries, for her or her dependents. These unaccounted-for expenses are likely more than the $300 net positive monthly income she reports, sufficient to render her unable to pay the filing fee. The Court will therefore find that she is entitled to a fee waiver. As discussed below, however, Porter-Brawner's complaint is frivolous and her case will be dismissed in any event.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint to determine whether the action is frivolous, fails to state a claim, or is brought against an immune defendant, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

Porter-Brawner's complaint is hard to follow. She details a number of seemingly unrelated events in her life covering a period of at least seven years that she appears to believe confirm some form of grand conspiracy against her. Some of her allegations relate to one or more of the defendants, while others appear to be completely unrelated. To the extent the Court is able to parse Porter-Brawner's allegations, they are frivolous.

Porter-Brawner's narrative begins with an August 18, 2023 (or possibly 2022), incident in which "Officer Muniz was called because [Porter-Brawner's] child had been beat up by her boyfriend." (ECF No. 1 at 2.) Porter-Brawner alleges that Officer Muniz "had about 30 armed officers at [her] home pointing guns . . . ." (*Id.*) The complaint then jumps to Porter-Brawner detailing an apparent stay in jail and her attempts to contact a lawyer and obtain transport from the jail. (*Id.* at 3.) She then alleges that she's been "fighting a felony charge . . . for Identify Theft . . ." since May 22, 2023. (*Id.* at 4.)

The complaint continues to jump haphazardly in this fashion between unconnected incidents and dates. Porter-Brawner alludes to a "complaint for discrimination, sexual harassment and wage discrimination" she apparently filed in Madison, WI. (*Id.*) She claims she was left money by her grandmother from a $300,000 settlement her grandfather received "for Agent Orange," but that the money was stolen by her aunt, "ex Officer Leslie Savage." (*Id.* at 4–5.) She then continues with more allegations against Savage, relating to the deaths of her grandmother and father, as well as the aforementioned inheritance. (*Id.* at 5.)

Porter-Brawner then indicates she put her house up for sale and then was "sent a letter laced with [Fentanyl] and passed out . . . from burning the letter and recording it on Facebook . . . ." (*Id.* at 6.) She alleges the police showed up as a result, but questions why given that she did not call them. (*Id.*) She then launches into a lengthy and confusing allegation that "Kelly," a City of Beloit employee, "changed the name on [her] home" while Porter-Brawner was away from the state. (*Id.* at 6–7.)

The complaint then reverts back to Porter-Brawner's 2015 "complaint with [the Wisconsin Department of Workforce Development] for unpaid wages, discrimination and sexual harassment from [her] employer Cars Plus of Janesville WI . . . ." (*Id.* at 7.) She alleges that her "life was almost taken" as a result but does not indicate how. (*Id.*) After detailing several allegations related to her employment dispute (but entirely unrelated to any defendant in *this* lawsuit), Port-Brawner jumps to a May 2022 incident in which she alleges she was "pulled over in Beloit and arrested for a warrant out of Waukesha." (*Id.* at 7–8.) This appears to be the same "identity theft" charge from earlier in the complaint, but the money she's alleged to have stolen has now jumped from $25 to $100. (*See id.* at 4, 8.)

Porter-Brawner indicates she missed a court date in July 2023 and was subsequently arrested in October 2023 for "failure to appear in Waukesha." (*Id.* at 8–9.) She then confusingly details a write-up she allegedly received from "Officer Ewer and Lt. Crump" while she was in jail, as well as issues with bond and a "new warrant [she] never had before signed by Judge Carter for [bail] jumping . . . ." (*Id.* at 9.) Her narrative then jumps either forward or backward to December, with Porter-Brawner alleging that "the city attorney dropped those charges and gave [her] his phone number if [she] needed help in the future." (*Id.* at 10.) Porter-Brawner apparently told the city attorney that her daughter was arrested and her home was searched, and that Office Muniz "released [her] daughter back to her attacker . . . ." (*Id.*) In connection with this incident, she alleges that "the city threatened [their] lives and that case was a deferred prosecution agreement and dismissed May 18, 2023 months later." (*Id.*)

Porter-Brawner then jumps to another unrelated incident in December 2020 in which her child, Annalisia Collins, "did not get off the bus." (*Id.*) She alleges that she called 911 and was told that her daughter was in protective custody and "could come home after the investigation was over with." (*Id.* at 11.) Porter-Brawner was asked if she had a gun by Officer Henderson (not named in the complaint), who stated he "wanted to make sure [Porter-Brawner's daughter] was safe." Officer Muniz then allegedly arrived and Porter-Brawner was again arrested, this time for disorderly conduct. (*Id.*) Porter-Brawner alleges she and her daughter were questioned by Child Protective Services and her daughter was not allowed to call Porter-Brawner or the child's father. (*Id.*)

Porter-Brawner alleges she was "sent home with [two] court dates," both on December 11, 2023, but in different courts or courtrooms. (*Id.* at 12.) Because she "can't be in two places at one

time," Porter-Brawner alleges she was "[guaranteed] to go to jail again for missing court or bail jumping." (*Id.*) She alleges this was "done to [her] with intention because after finding bodies of Dead Black People in Wisconsin on . . . July 11th 2016 on the Facebook page of [her] ex boyfriend . . . ." (*Id.*) Porter-Brawner claims she "went into protective custody federal protection" because she found these bodies, "as written in the Washington Post." Porter-Brawner claims she "joined the Black Panthers" that same day to "protect [her] life" because of what she found and because the "Wisconsin police knew all about it and so did a few officers who worked in Rockford." (*Id.* at 13.) Also that same day, Porter-Brawner alleges she "contacted the White House . . . to let them know [her] life was in danger because [she] had found dead black people." (*Id.*) She further alleges that "they were trying to hunt [her] . . . and [she] was shot at because of the first complaint [she] filed with [the] Department of Workforce [Development] in the State of Wisconsin." (*Id.*)

Porter-Brawner also provides, as exhibits, a criminal complaint for bail jumping filed against her in Waukesha County Circuit Court on October 24, 2023; a notice addressed to "Marilyn Stinson" from the City of Beloit Community Development Department dated February 3, 2023, concerning violations of a city ordinance for failure to remove snow or ice from a sidewalk at 1533 Porter Ave; what appears to be an incident report created by Officer Ewer dated October 24, 2023; and property tax bills for 1533 Porter Ave, Beloit, WI 53511, for 2020 and 2021, with the former addressed to "Talfer Porter" and the latter to "Shayla Porter." (ECF No. 1-1.)

Porter-Brawner indicates she is suing for violation of federal law under 28 U.S.C. § 1331 and requests that "Rock County Beloit and Waukesha County [] pay damages in the amount of $32,000,000 . . . for violation of [her family's] rights so no one in [her] family should have to go through this again." (*Id.* at 14.) She generally alleges "unlawful [arrest], illegal search, police harassment, trying to steal [her] home . . . and Waukesha just out right violated [her] rights." (*Id.*)

## ANALYSIS

Porter-Brawner's allegations are insufficient to support a federal lawsuit. The law requires the Court to dismiss a complaint that is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). "A frivolous complaint is one in which 'the petitioner can make no rational argument in law or facts to support his or her claim for relief.'" *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279–80 (7th Cir. 1985)). Rational arguments in support of a claim for relief are impossible where "the plaintiff's allegations are so 'fanciful,' 'fantastic,' and 'delusional' as to be 'wholly incredible.'" *Bussie v. Attorney General*, Nos. 13-cv-476-wmc, 13-

cv-477-wmc, 2013 WL 3934179, at *2 (W.D. Wis. July 30, 2013) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).  While *pro se* pleadings are held to less stringent standards than those drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), not even excessively liberal construction rescues complaints that are frivolous or fail to state a claim.  *See Denton*, 504 U.S. at 33.

Porter-Brawner's complaint is wholly incredible.  She appears to be alleging a wide-ranging conspiracy, spanning many years, involving multiple states and police departments, apparently begun by her filing what appears to be a relatively routine employment discrimination lawsuit.  Many portions of her complaint concern only individuals not named in this lawsuit, and her specific complaints against those defendants who are named are impossible to discern.  Indeed, "it is apparent from a reading of the complaint that there is no need to await the [defendants'] answer or motion to dismiss . . . to determine that the case is going nowhere," thus making Porter-Brawner's suit frivolous.  *Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir. 2015).  As such, the Court will dismiss the case under 28 U.S.C. § 1915(e)(2)(B)(i).

Because Porter-Brawner's claims are facially incredible, granting leave to amend would be futile.  *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("Leave to amend need not be granted, however, if it is clear that any amendment would be futile.").

Accordingly,

**IT IS HEREBY ORDERED** that Porter-Brawner's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Porter-Brawner's complaint, ECF No. 1, is **DISMISSED with prejudice** as frivolous.  The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on December 19, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge